UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HORACE W. CRUMP, #236528,                )
                         Plaintiff,        )
                                    )        No. 1:23-cv-1353
-v-                                      )
                                    )        Honorable Paul L. Maloney
LORI BLUE, *et al.*,                     )
                       Defendants.        )
                                    )

## ORDER ADOPTING IN PART REPORT AND RECOMMENDATION

Four defendants filed a motion for summary judgment raising lack of exhaustion. ECF No. 60. The Magistrate Judge issued a report recommending the court dismiss certain causes of action for failure to state a claim and also recommending, alternatively, that the court grant the motion for summary judgment and dismiss some of the claims as unexhausted. ECF No. 73. Plaintiff filed objections. ECF No. 79. The court will adopt in part the report and recommendation.

I.

After being served with a report and recommendation (R&R) issued by a magistrate judge, a party has fourteen days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). A district court judge reviews de novo the portions of the R&R to which objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam).

II.

Some background about the progress of this case provides context for the Magistrate Judge's recommendations and Plaintiff's objections. Plaintiff is a prisoner under the control of the Michigan Department of Corrections (MDOC). Plaintiff previously filed at least three lawsuits that had been deemed frivolous and he is subject to the three-strikes rule. *See* 28 U.S.C. § 1915(g). Plaintiff filed this lawsuit and sought leave to proceed without paying the filing fee. Plaintiff consented to the jurisdiction of the Magistrate Judge. The Magistrate Judge then dismissed the lawsuit without prejudice because Plaintiff did not plead facts to support imminent danger and he had not paid the filing fee. The Sixth Circuit reversed the dismissal, vacated the order and remanded the matter. The court concluded that the Magistrate Judge erred in applying the three-strikes rule; not all of Plaintiff's earlier lawsuits should have counted as a strike.

Following the remand, the Magistrate Judge granted Plaintiff leave to proceed without prepayment of the filing fee. The record does not show that the court conducted an initial screening of the complaint under 28 U.S.C. § 1915(e)(2). Three of the four defendants named in the initial complaint—Blue, Mikel, and Shaw—filed a motion for summary judgment for lack of exhaustion.[1] The Magistrate Judge issued a report recommending the court grant the motion for summary judgment, which the court later adopted.

---

[1]    Nurse Practitioner Suzanne Groff did not join the motion for summary judgment. The court infers that Groff is not employed by MDOC but by the entity providing health care services to MDOC-run prisons.

Along with his response to the motion for summary judgment, Plaintiff sought leave to file an amended complaint.  The Magistrate Judge granted the motion.  In the order, the Magistrate Judge addressed the arguments raised by the defendants in opposition to the amended complaint.  While the defendants characterized their arguments as demonstrating futility, the Magistrate Judge disagreed with that characterization and explained why.  Because the defendants did not properly raise a futility argument, the Magistrate Judge did not consider whether the causes in the amended complaint were futile.

The Magistrate Judge then issued an amended case management order (CMO).  ECF No. 59.  The CMO states that the court had conducted an initial review of the complaint under 28 U.S.C. § 1915(e)(2) and states that the court had determined that the complaint survives the initial screening.  *Id.* PageID.499.

### III.

Four defendants—Brawl, LaMontagne, Mikel and Riley—filed a motion for summary judgment for lack of exhaustion.  ECF No. 60.  The Magistrate Judge then issued the pending report and recommendation.  The Magistrate Judge begins the report and recommendation by conducting an initial screening of the amended complaint under § 1915(e)(2).  The Magistrate Judge summarizes the claims against most of the defendants in the amended complaint:

(1) Riley - 8th Amendment Verbal Harassment and 1st Amendment retaliation;

(2) Mikel and Groff – 8th Amendment Deliberate Indifference (moved Plaintiff from the Special Need Unit to general population);

(3) LaMontagne - 8th Amendment Deliberate Indifference and 1st Amendment retaliation;

(4) Brawley – 14th Amendment Due Process.[2]

The Magistrate Judge sets forth the relevant law for each of these claims, summarizes the relevant facts, and recommends dismissing each claim for failure to state a claim.

The Magistrate Judge then considered the motion for summary judgment. The Magistrate Judge recommends the court dismiss the claims against defendants Riley and Brawley as unexhausted. The Magistrate Judge recommends dismissing the 8th Amendment claim against Mikel and Groff concerning the decision to move Plaintiff from the Special Needs Unit to general population as unexhausted. The Magistrate Judge recommends denying the motion for summary judgment concerning the claim against LaMontagne. The Magistrate Judge notes that if the court adopts the first part of the report and recommendation (the § 1915(e)(2) screening), the court need not consider the recommendations concerning the motion for summary judgment. The only claim that would remain is a claim against Groff related to a delay in ordering prescribed medicine (Baclofen).

Plaintiff objects to the § 1915(e)(2) review of his amended complaint. Plaintiff argues that the Magistrate Judge previously conducted the initial screening and found his allegations sufficient, as evidenced by the language in the amended case management order.

The court denies Plaintiff's objection. First, district courts have inherent authority to reconsider interlocutory orders and reopen any part of the case prior to a final judgment.

---

[2] The Magistrate Judge did not include any review of Plaintiff's claim against Defendant Groff related to a delay in ordering prescribed medication.

*Mallory v. Eyrich*, 922 F.2d 1273, 1282 (6th Cir. 1991).  "A district court may modify, or even rescind, such interlocutory orders." *Id.* The use of boilerplate language in the amended CMO appears to be in error.  The Magistrate Judge begins the report and recommendation by stating that the amended complaint had not been reviewed under § 1915(e)(2).  ECF No. 73 PageID.618.  The Magistrate Judge's review functioned to correct the erroneous statement in the amended CMO.  Second, even if the Magistrate Judge had already reviewed the amended complaint, the court would deny Plaintiff's objection.  The statute does not limit the court's ability to review the complaint a second time.  *See Topolski v. Wrobleski*, No. 5:13cv0872, 2014 WL 2215761, at *10 (N.D.N.Y. May 29, 2014) (finding that a court "may perform a § 1915(e)(2) review more than once").  Section 1915(e)(2) expressly states that the court "shall dismiss the case *at any time* if the court determines that" the action fails to state a claim upon which relief can be granted.  Plaintiff does not object to the description of the claims, the relevant law for each claim, the description of the underlying facts, or the application of those facts to the law.

With this conclusion, the court need not consider the Magistrate Judge's analysis of the pending motion for summary judgment filed by Defendants Brawl, LaMontagne, Riley and Mikel.  As noted by the Magistrate Judge, that motion is moot because the court finds that the amended complaint fails to state a claim against those four defendants.

Accordingly, the court **ADOPTS IN PART** the report and recommendation.  ECF No. 73.  The court DIMISSES as moot, the motion for summary judgment.  ECF No. 60. The court dismisses the claims in the amended complaint against Defendants Brawl, LaMontagne, Mikel, and Riley.  The court specifically adopts the findings and

5

recommendation of the Magistrate Judge's § 1915(e)(2) screening of the claims in the amended complaint and the conclusion that the complaint fails to state a claim. The only remaining claim is Plaintiff's claim against Groff for the delay in ordering prescribed medicine. The court notes that Defendant Groff filed a motion for summary judgment for lack of exhaustion, ECF No. 74, and Plaintiff has filed a response, ECF No. 81. The court anticipates that the Magistrate Judge will likely issue another report and recommendation concerning the remaining claim and pending motion. **IT IS SO ORDERED.**

Date:    June 15, 2026                                          /s/  Paul L. Maloney
                                                                Paul L. Maloney
                                                                United States District Judge