UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | | |
|---|---|---|
| HORRACE W. CRUMP, #236528, Plaintiff, | ) | No. 1:23-cv-1353 |
| -v- | ) | Honorable Paul L. Maloney |
| LORI BLUE, *et al.*, Defendants. | ) | |

**ORDER ADOPTING REPORT AND RECOMMENDATION**

Plaintiff Crump, a prisoner under the control of the Michigan Department of Corrections, alleged the defendants violated his civil rights. Defendant Suzanne Groff, N.P., filed a motion for summary judgment. ECF No. 74. The Magistrate Judge issued a report recommending the court grant the motion. ECF No. 86. Plaintiff filed objections. ECF No. 90. The court will adopt the report and recommendation.

After being served with a report and recommendation (R&R) issued by a magistrate judge, a party has fourteen days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). A district court judge reviews de novo the portions of the R&R to which objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam).

Plaintiff raises two claims against Defendant Groff: (1) a violation of the Eighth Amendment based on deliberate indifference to medical needs and (2) retaliation in

violation of the First Amendment. Important to this case, July 28, 2023, occurred on a Friday. July 29 and 30 both fell on a weekend, Saturday and Sunday. The first two days of the work week, Monday and Tuesday, occurred on July 31 and August 1.

A. General

Objection 1. Plaintiff argues the Magistrate Judge failed to consider his evidence. Plaintiff argues he presented evidence that Defendant Groff did not provide him Baclofen, a medication that had been approved for him.

The court overrules this objection. The Magistrate Judge did not ignore Plaintiff's evidence. The R&R begins by describing Plaintiff's version of events and relied on Plaintiff's verified complaint. In the analysis of the elements of the claims, the Magistrate Judge considered (cites and quotes) portions of Plaintiff's response to the motion for summary judgment. To the extent Plaintiff raises a more specific objection to the failure to consider particular evidence, the issue is addressed elsewhere.

B. Eighth Amendment

The Magistrate Judge found that Plaintiff raised a claim for delay in treatment rather than a failure to treat. The Magistrate Judge then found that the evidence in the record did not support either the objective or the subjective prongs of Plaintiff's Eighth Amendment claim.

Objection 2. Plaintiff faults the Magistrate Judge for merely "assuming" that Plaintiff's spasms constituted a serious medical condition. Plaintiff insists he had a serious medical condition.

The court overrules this objection. The Magistrate Judge concluded, for the purpose of the motion, that Plaintiff had a serious medical condition, his spasms. Plaintiff has not identified any error that needs correcting.

Objection 3. The Magistrate Judge found that the evidence did not support a failure to treat claim and then considered whether the evidence supported a delay in treatment claim. Plaintiff objects. Plaintiff insists he raises a claim for the failure to treat.

The court overrules Plaintiff's objection. The record establishes without dispute that Plaintiff received the medication, Baclofen. That fact does not, however, require the court to dismiss Plaintiff's failure to treat claim because the Sixth Circuit has recognized an Eighth Amendment claim based on delayed treatment. Plaintiff pleads such a claim.

Objection 4. The Magistrate Judge found that the evidence in the record did not support the subjective prong of Plaintiff's Eighth Amendment claim. Plaintiff objects.

The court overrules this objection. The subjective prong requires a plaintiff to show that the defendant (1) knew of the risk or danger and (2) failed to take reasonable measures to alleviate that risk or danger. Plaintiff addresses the former but not the latter. The record contains no evidence that Defendant Groff was aware, on July 28, that Plaintiff had been approved to receive Baclofen. Plaintiff pleads that the MDOC chief medical officer approved Baclofen for Plaintiff on July 28. Defendant Groff was not at work on Friday, July 28; she took the day off. ECF No. 75 Groff Aff. PageID.792. Plaintiff presents no evidence contradicting this fact. When she returned to work, Defendant learned that Plaintiff had not received the medication. *Id.* Defendant Groff would have become of aware of the situation on either Monday, July 31 or Tuesday, August 1. Defendant then ordered the medication

on Tuesday, August 1. *Id.* Because the record does not contain evidence that Defendant Groff was aware on July 28 that Plaintiff had been approved for Baclofen, Plaintiff cannot establish that Defendant delayed treatment or otherwise failed to take reasonable measures to alleviate the danger or risk to Plaintiff's health by failing to order the medication prior to July 28. Plaintiff does not object to the findings in the R&R that he did not present medical evidence to establish any injury resulting from the delay (from July 28 to August 1) in receiving the medication. Plaintiff presents no medical evidence to support his contention that the delay reduced the effectiveness of the medication.

C. Retaliation

Objection 5. The Magistrate Judge found the evidence in the record did not support two of the three elements for a retaliation claim. The Magistrate Judge inferred that Plaintiff engaged in protected conduct. Plaintiff interprets the report and recommendation as questioning whether he engaged in protected conduct and objects. He also objects to the conclusion that the other two elements lack support.

The court overrules this objection. Plaintiff cannot establish a retaliation claim against Defendant Groff based on his July 31 grievance. The grievance (protected conduct) alleged that Defendant Groff failed to order Baclofen. And the alleged retaliation (adverse action) was the same conduct, her failure to order Baclofen. For a retaliation claim, the adverse conduct must occur after the protected conduct and because of the protected conduct.

Nor can Plaintiff establish a retaliation claim against Defendant Groff based on his July 10 grievance against Defendant Blue. The record does not support the conclusion that Defendant Groff took any adverse acts against Plaintiff because of the July 10 grievance. As

explained above, Defendant Groff learned that Plaintiff had been approved for Baclofen on either July 31 or August 1 and ordered it on August 1.

Objection 6. In his complaint, Plaintiff pleaded that, on August 6, 2023, he was told that he would be called for an emergency, unscheduled appointment with Defendant Groff, but she did not call him out. ECF No. 50 Am. Compl. PageID.385. Plaintiff notes that Defendant Groff did not address his allegation in her motion. Plaintiff contends this claim should go to trial.

The court overrules this objection. Standing alone, the allegation does not support an Eighth Amendment claim.

Objection 7. Plaintiff "still contends" that he has a claim against Defendant Groff related to falsifying a medical record and moving him or allowing him to be moved to general population.

The court overrules this objection. The court already resolved that claim against Plaintiff. *See* ECF No. 72 R&R; ECF No. 79 Obj.; ECF No. 82 Order Adopting R&R.

The court overrules Plaintiff's objections to the Report and Recommendation. Therefore, the court **ADOPTS** the report and recommendation. ECF No. 86. The court **GRANTS** Defendant Groff's motion for summary judgment. ECF No. 74. This order resolves the last pending claim and a separate judgment will issue.

**IT IS SO ORDERED.**

Date: August 28, 2026

/s/ Paul L. Maloney
Paul L. Maloney
United States District Judge